FILED

-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

05 APR 22 PM 2:40

U.S. DISTRICT COURT

---

BENJAMIN POWELL,

        Plaintiff,

    -v-

OFFICER CHRISTOPHER DIPASQUALE,
OFFICER RICHARD LEWIS, NIAGARA FRONTIER
TRANS. AUTHORITY AND NIAGARA
FRONTIER TRANSIT POLICE,

        Defendants.

DECISION AND ORDER
04-CV-0897A(Sr)

---

## INTRODUCTION

Plaintiff, Benjamin Powell, an inmate of the Niagara County Jail, has filed this *pro se* action seeking relief under 42 U.S.C. § 1983 (Docket No. 1) and has both requested permission to proceed *in forma pauperis* and filed a signed Authorization (Docket No. 2). Plaintiff claims that the defendants, the Niagara Frontier Transportation Authority, its Police Department and two of its officers, Christopher DiPasquale and Richard Lewis, violated his constitutional rights when the officers falsely arrested him, unlawfully searched his apartment and maliciously prosecuted him on or about February 18, 2003.[1] For the reasons discussed below, plaintiff's request to proceed as a poor person is granted and his claims against defendants Niagara Frontier Transportation Authority and the Niagara Frontier Transportation Authority's Police are dismissed pursuant to 28 U.S.C.

---

[1] According to an exhibit attached to plaintiff's complaint (Docket No. 1, Ex. 5-1), the charges of obstructing governmental administration were dismissed against plaintiff on February 24, 2003 and the records sealed pursuant to New York's Criminal Procedure Law, § 160.50.

§§ 1915(e)(2)(B) and 1915A, and service by the U.S. Marshals is ordered with respect to the remaining claims against defendants DiPasquale and Lewis.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to this action, plaintiff is granted permission to proceed *in forma pauperis*. Section 1915(e)(2)(B) of 28 U.S.C. provides that the Court shall dismiss a case in which *in forma pauperis* status has been granted if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. In addition, 28 U.S.C. § 1915A(a) requires the Court to conduct an initial screening of "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.*, regardless of whether or not the inmate has sought *in forma pauperis* status under 28 U.S.C. § 1915.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983.[2] "To state a valid claim under 42 U.S.C. §§ 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)).

---

[2] Plaintiff complaint makes no reference to raising any state law claims of false arrest or malicious prosecution under state law and the Court's supplemental jurisdiction, 28 U.S.C. § 1367.

**Dismissal of Claims Against Niagara Frontier Transportation Authority and its Police Department**

As noted, plaintiff alleges that he was arrested, subjected to an unlawful search of his home and maliciously prosecuted by two police officers of the Niagara Transportation Authority. Even assuming that the "Police Department" of the Niagara Frontier Transportation Authority is a separate entity subject to suit in its own name as opposed to simply a subdivision of the Niagara Frontier Transportation Authority,[3] it and the Niagara Frontier Transportation Authority must be dismissed as defendants because plaintiff makes no claim that the constitutional violations alleged in the complaint were part of a policy or custom that could render said defendants liable under 42 U.S.C. § 1983. *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 (1978); *see also Gottlieb v. County of Orange*, 84 F.3d 511, 518 (2d Cir. 1996) ("In order to establish the liability of a municipality in an action under § 1983 for unconstitutional acts by a municipal employee below the policymaking level, a plaintiff must show that the violation of his constitutional rights resulted from a municipal custom or policy."). The complaint alleges only that the Officers DiPasquale and Lewis violated plaintiff's civil rights when they arrested him following an incident on February 18, 2003; there is simply no claims that the actions of these two officers were done pursuant to a policy or custom of their employer. Municipalities are not subject to § 1983 liability solely on the basis of

---

[3] The Court notes that the Niagara Frontier Transportation Authority, a public benefit corporation under Section 1299-c of New York's Public Authorities Law, has previously been found to be separate and distinct from the State of New York and, therefore, not entitled to the same immunity enjoyed by the State under the Eleventh Amendment. *Weigand v. Niagara Frontier Transp. Authority*, No. 03-CV-0794E(SC), 2004 WL 1570267 (W.D.N.Y., June 25, 2004); *Herzog Contracting Corp. v. Niagara Frontier Transp. Authority*, No. CIV-84-1135E, 1987 WL 4796 (W.D.N.Y., April 20, 1987); *but see Grant v. Niagara Frontier Transp. Authority*, 1996 WL 107116 (W.D.N.Y., March 6, 1996) (district court refused to reconsider a six year old order finding that Niagara Frontier Transportation Authority was entitled to sovereign immunity under Eleventh Amendment but noting contrary decisions in the same District).

a *respondeat superior* theory. *Collins v. City of Harker Heights*, 503 U.S. 115, 121 (1992); *Monell*, 436 U.S. at 694.

## CONCLUSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a), his request to proceed *in forma pauperis* is hereby granted. For the reasons discussed above, plaintiff's complaint as against defendants Niagara Frontier Transportation Authority and Niagara Frontier Transportation Authority Police is dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)((ii) and 1915A, and the U.S. Marshal is directed to serve the summons and complaint on Officers Christopher DiPasquale and Richard Lewis.

## ORDER

IT HEREBY IS ORDERED, that plaintiff's request to proceed *in forma pauperis* is granted;

FURTHER, that the claims against defendants Niagara Frontier Transportation Authority and Niagara Frontier Transportation Authority Police are dismissed with prejudice;

FURTHER, that the Clerk of the Court is directed to terminate defendants Niagara Frontier Transportation Authority and Niagara Frontier Transportation Authority Police as parties to this action;

FURTHER, that the Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint, and this Order upon Officers Christopher DiPasquale and Richard Lewis without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor;

4

FURTHER, that pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

DATED: April 22, 2005
Rochester, New York

5